David DOE, et al.

v.

Larry R. MEACHUM, et al.

Civ. No. H–88–562 (PCD).

United States District Court,
D. Connecticut.

April 21, 1989.

---

**1.** Plaintiffs may renew this motion by submitting affidavits from other witnesses prior to

taking their testimony.

Shelley Geballe, Martha Stone, Connecticut Civ. Liberties Union Foundation, Hartford, Conn., J.L. Pottenger, Jr., Jerome N. Frank, Legal Services Organization, New Haven, Conn., for plaintiffs.

Stephen O'Neill, Steve Strom, Richard Couture, Asst. Attys. Gen., Hartford, Conn., for defendants.

## ORDER

DORSEY, District Judge.

Absent objection, the magistrate's ruling is accepted and approved.

SO ORDERED.

## RULING ON PLAINTIFFS' RENEWED MOTION FOR RECONSIDERATION OF RULINGS REGARDING IN CAMERA TESTIMONY OF INMATE WITNESSES

JOAN GLAZER MARGOLIS, United States Magistrate.

Familiarity is presumed with the numerous filings and two rulings with respect to plaintiffs' request that they be allowed to testify in chambers. (See Dkt. ## 103, 115, 116, 117, 123, 126, 128, 129). On Tuesday, April 4, 1989, plaintiffs filed an objection to the two rulings (Dkt. # 130), in which they proposed that plaintiffs' chambers testimony be tape-recorded, with a redacted tape immediately released to the public and to the press for the purpose of guaranteeing first amendment rights. At the conclusion of oral argument on this objection on Friday, April 7, 1989, Judge Dorsey overruled plaintiffs' objection but also remanded the matter back to the Magistrate for further reconsideration of this new proposal.

A telephonic conference was held between counsel and the Magistrate shortly after Judge Dorsey's oral ruling, in which defense counsel continued to object to this new suggestion. As directed by the Magistrate, plaintiffs promptly filed this renewed motion. (Dkt. # 131).

While plaintiffs' suggestion is certainly a creative one, plaintiffs' renewed motion is denied to the extent it asks that all inmate testimony be heard in chambers. In their motion for reconsideration (Dkt. # 128), plaintiffs proposed that daily transcripts be appropriately redacted to delete personally identifying information and thereafter be made available to the press and public. Plaintiffs' newest proposal, in substance, is not materially different, in that it similarly excludes the press and public from access to the complete court proceedings—its only advantage lies in that while depriving the press and public of access to the full testimony, it at least provides audial access to the drama of the human voice, as opposed

to resort to the cold (and often barren) transcript.

This ruling is without prejudice to plaintiffs' renewal thereof when the preliminary injunction hearing resumes on April 11, 1989, with respect to the testimony of individual witnesses or limited lines of examination, at which time a "closure proceeding" would be held, as required in *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984), to determine whether the record demonstrates "an overriding interest based on findings that closure is essential to preserve higher values ..." *If* such a determination were made, the Court would then utilize the method recently suggested by plaintiffs.

*See* 28 U.S.C. Section 636(b) (written objections to ruling must be filed within ten days after service of same); F.R.Civ.P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 10th day of April, 1989.